UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Natysha Jeffery, | ) |
|         Plaintiff, | ) Civil Action No.: 4:19-cv-02719-MGL |
| v. | ) COMPLAINT |
| | ) JURY TRIAL DEMANDED |
| Encore Capital Group, Inc., | ) |
| Midland Credit Management, Inc., | ) |
| and Midland Funding, LLC, | ) |
|         Defendants. | ) |

## COMPLAINT

1. This is an action brought by Plaintiff, Natysha Jeffery, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* (hereinafter "FDCPA"), and for statutory damages for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## PARTIES

4. Plaintiff, Natysha Jeffery, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

5. Defendant Encore Capital Group, Inc. ("Encore"), is a Delaware corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, California 92123. Encore may be served with process through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant Encore is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, California 92123. MCM may be served with process through its registered agent for service of process, Corporation Service Company, 1703 Laurel St., Columbia, South Carolina 29201. In all respects and at all times relevant herein, MCM was doing business in the state of South Carolina. Defendant MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Midland Funding, LLC ("Midland"), is a Delaware corporation that may

be served with process by way of its registered agent, Corporation Service Company, 1703 Laurel St., Columbia, South Carolina 29201. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.  Defendant Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Midland is the debt purchasing arm of Defendants Encore and MCM. Defendant Midland does not employ any individuals. All actions done by Defendant Midland as described herein were done by and on behalf of Defendants MCM and Encore.  Defendants will be referred to collectively herein as "Defendants Midland."

9. Defendants Encore, Midland and MCM all acted in concert with the others in the actions as described below. The actions of each individual Midland Defendant was done for the benefit of itself, as well as the other two Midland Defendants.

## FACTUAL ALLEGATIONS

10. From March 2017, and continuing through September, 2019, Defendants carried out a systematic campaign of harassment against Plaintiff by calling Plaintiff multiple times per day almost every day on her cellular phone number in an attempt to collect an alleged debt.

11. Every call made by Defendants to Plaintiff was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy and/or coerce the Plaintiff into paying an alleged debt, and was made after Plaintiff made clear to Defendants

that she wanted all telephone calls to stop.

12. Plaintiff received calls from Defendants from at least thirteen (13) different numbers. The calls from Defendants were from (947) 333-9322; (877) 434-3823; (855) 768-6613; (248) 216-1535; (877) 366-0294; (877) 366-0470; (877) 365-9676; (877) 366-0169; (602) 715-2970; (480) 448-3779; (248) 216-1533; (877) 365-9957; and (602) 362-4191.

13. As an example, on March 21, 2018, Plaintiff received two (2) calls from the Defendants. On March 22, 2018, Plaintiff received three (3) calls from the Defendants. This was the Defendants' regular practice.

14. The calls by Defendants were so numerous and harassing, that Plaintiff changed her telephone number in January 2019.

15. Thereafter, Defendants somehow obtained Plaintiff's new telephone number and thereafter continued their numerous and harassing telephone calls to her new number. Plaintiff never provided Defendants her new telephone number and certainly never gave consent for Defendants to call her.

16. Upon information and belief, a number of calls placed to Plaintiff's cellular telephone were made through Defendants' use of an automatic telephone dialing system as defined by 47 U.S.C. §227.

17. Defendants repeatedly called Plaintiff on numbers that were assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant

to 47 U.S.C. §227(b)(1).

18. Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendants knew, or should have known, that it was calling Plaintiff's cellular telephone numbers without express consent.

19. To the extent that Plaintiff ever provided express consent to Defendants to be called, Plaintiff revoked same multiple times by requesting Defendants to stop calling her.

20. None of Defendants' telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

21. The telephone calls made by Defendants were in violation of 47 U.S.C. §227(b)(1).

22. Defendants have developed a proprietary, system driven collection process based on the "predictive behavior" of consumers and state courts. In conjunction with its subsidiaries and "franchisee" law firms, Defendants engage in computer automated, high volume, state court litigation in the collection of distressed debt.

23. Due to the nature of the purchased distressed debt, the high volumes, and automation, the Defendants are unable to meet the requirements of the rules of evidence of providing proof of the records of the debt without misleading the state courts and consumer debtors.

24. Instead of providing actual admissible evidence of the proof required in a collection lawsuit, Defendants hired employees as "Robo-signers". The Robo-signers sign

several hundred affidavits a day falsely claiming that they are a business records custodian with personal knowledge of the facts. They falsely claim in the affidavit knowledge of the assignment(s) of the debt, the amount of the debt, the interest rate, the default date of the debt, the alleged credit card terms and conditions, and the record keeping procedures.

25. On May 20, 2019, Defendants brought suit against Plaintiff claiming Plaintiff owed them $1,082.15. Said amount was a lump sum presented to be all principal.

26. As part of its Complaint, Defendants filed an affidavit of Tori Dobis, an employee of MCM, termed at the bottom of the affidavit, "AFFRECORD." As part of the affidavit, Ms. Dobis stated under oath that she was a "Legal Specialist" and had "access to pertinent account records for Midland Credit Management, Inc. ('MCM')." She further stated that she made this statement "based upon personal knowledge of those account records maintained on Plaintiff's behalf." Additionally, she stated that "[Defendants are] the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to [Plaintiff's] CREDIT ONE BANK, N.A. account." She further stated under oath that she had "access to and [had] reviewed the electronic records pertaining to the account maintained by MCM and am authorized to make this affidavit on Plaintiff's behalf." She continued stating, "I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account." The affidavit was notarized

in the State of Minnesota by Kaci L. Kampsula.

27. In her affidavit, Dobis made false, misleading, unfair and deceptive statements that her statements were "based upon personal knowledge" and that she had personal knowledge of all relevant financial information concerning the Plaintiff's alleged account.

28. Dobis did not have personal knowledge of the information in her Affidavit concerning the Plaintiff's alleged account.

29. Dobis did not have personal knowledge of all relevant financial information concerning the Plaintiff's alleged account.

30. Dobis did not, at the time she signed the affidavit, have any personal knowledge regarding the Defendants' alleged ownership or the details of the alleged account.

31. On June 19, 2019, by and through her counsel, Plaintiff filed an answer to the Defendants collection lawsuit. A copy of said lawsuit was served on Defendants by and through their counsel.

32. Following receipt of Plaintiff's Answer and notice that she was represented by counsel, Defendants continued calling Plaintiff in an attempt to collect on a debt.

33. On August 11, 2009, United States District Court Judge David Katz of the Northern District of Ohio, in an Order on Summary Judgment, determined that the standard form affidavit used by the Defendant was "patently false." Further, the Court found that Midland Funding, LLC and Midland Credit Management, Inc., had violated §

1692e of the FDCPA in its use of a false, deceptive and misleading affidavit in its attempt to collect a debt. *See Midland Funding, LLC v. Brent*, 644 F. Supp. 2d 961(2009).

## COUNT ONE
**(Violation of the Fair Debt Collection Practices Act)**

34. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 33 as if set forth fully herein.

35. Since at least September 25, 2018, Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to Plaintiff and an alleged consumer debt. Defendants are debt collectors as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

36. Defendants violated §1692c(a)(1) by contacting Plaintiff at a time or place Defendants knew or should have known was inconvenient to Plaintiff.

37. Defendants violated §1692c(a)(2) by contacting Plaintiff after Defendants knew or should have known that Plaintiff was represented by counsel.

38. Defendants violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff by repeatedly telephoning Plaintiff with the intent to annoy, abuse, or harass Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

39. The Defendants served on Plaintiff, and filed in the South Carolina state court, an affidavit containing false and misleading statements as proof of the

existence, amount and status of an alleged debt in violation of 15 U.S.C. §§ 1692e and 1692f.

40. As a proximate result of Defendants' actions, Plaintiff was forced to incur attorney fees and to defend the collection lawsuit, and was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which she seeks the maximum statutory damages, actual damages, plus attorneys' fees and costs.

## COUNT TWO
### (Violation of the Telephone Consumer Protection Act)

41. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 33 as if set forth fully herein.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

44. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 33 as if set forth fully herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT FOUR
### (Negligent Training and Supervision)

47. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 46 as if set forth fully herein.

48. Defendants knew or should have known of its inadequate training and supervision. If Defendants had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

49. Defendants knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the FDCPA and TCPA.

50. Defendants negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

51. As a result of Defendants' negligence, Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and

anguish.

## COUNT FIVE
### (Reckless and Wanton Training and Supervision)

52. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 51 as if set forth fully herein.

53. Defendants knew or should have known of its inadequate training and supervision. If Defendants had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

54. Defendants knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the FDCPA and the TCPA.

55. Defendants recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

56. As a result of Defendants' recklessness and wantonness, Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering pain and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands as follows:

A. For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars from each Defendant for their violations of the

FDCPA, as well as attorney's fees and costs;

B.  Statutory damages of $500.00 from Defendants for each and every negligent violation of the TCPA;

C.  Treble statutory damages of $1,500.00 for each and every call made to Plaintiff's cell phone by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

D.  For compensatory and punitive damages in an amount to be determined by a struck jury for Defendants' negligent training and supervision, and reckless and wanton training and supervision; and

E.  For such other and further relief as this Court deems necessary and proper.

        */s/ Penny Hays Cauley*
        Penny Hays Cauley, Fed. ID No.  10323

        */s/ William K. Geddings*
        William K. Geddings, Fed. ID No. 12584
        Attorneys for Plaintiff

**OF COUNSEL**:
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTERCLAIMS**

                                 /s/ Penny Hays Cauley
                                 Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Encore Capital Group, Inc.
c/o Corporation Service Company, Registered Agent
251 Little Falls Drive
Wilmington Delaware 19808

Midland Credit Management, Inc.
c/o Corporation Service Company, Registered Agent
1703 Laurel Street
Columbia, SC 29201

Midland Funding, LLC
c/o Corporation Service Company, Registered Agent
1703 Laurel Street
Columbia, SC 29201